SOL SCHILDKRAUT, Doing Business as JAMAICA AUTO AND SUPPLY COMPANY, Respondent, v. EDWARD SCHILDKRAUT, Defendant, Impleaded with ARTHUR MAYER, Appellant, Copartners, etc.    (Actions 1 and 2.) — Order directing separate trial of counterclaims of defendant Mayer reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.   The counterclaims present an issue of law related to the cause of action set out in the complaint, and there is no reason for a separate trial.   Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

ROSE SILVERSTEIN, Appellant, v. COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent.— Order and judgment affirmed, with costs. No opinion. Kelly, P. J., Rich, Manning and Kelby, JJ., concur; Jaycox, J., dissents.

STANISLAUS SIUDOWSKI, Respondent, v. CLARENCE KENYON, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

WILLIAM A. STRAAT, Appellant, v. FREDERICK E. WOOD and Others, Respondents.— Judgment reversed on the law, and new trial granted, with costs to abide the event.   We think the original agreement, so far as it gave plaintiff the right to acquire the preferred stock, was not abrogated or impaired by any of the subsequent agreements, arrangements or understandings between the parties. We are further of opinion that it would work a manifest injustice if the unexplained testimony of plaintiff that he thought that when he acquired the 120 shares of common stock, the original agreement was ended, had any such effect, in view of his other testimony to the contrary, and the documentary evidence.   Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

TAXPAYERS' ASSOCIATION OF RICHMOND HILL CIRCLE, INC., Appellant, v. RICHMOND HILL CIRCLE TAXPAYERS' ASSOCIATION, INC., Respondent.— Judgment reversed upon the law, with costs, and judgment directed for plaintiff enjoining the defendant from using its present corporate name, with costs.   The conclusions of law of the trial court are reversed, and this court finds the conclusion of law proposed by the plaintiff.   The corporate name used by defendant is so similar to that of plaintiff that it is calculated to deceive and mislead the public. (*B. P. O. Elks* v. *Improved B. P. O. Elks*, 205 N. Y. 459.)   Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., dissents.